S. E. POOL v. J. L. WALKER, ADMINISTRATOR.

(Filed 20 September, 1911.)

1. Contracts, Continuous—Agreement to Take Output of Mill—Termination at Will.

A contract to take the output of plaintiff's shingle mill, wherein no time is fixed during which it is to last and none is fixed by usage, may be determined at the will of either party upon notice.

2. Same.

Nothing appearing of record to show that a contract alleged by plaintiff with the defendant, whereby the latter was to take the output of the shingle mill of the former, contained any agreement of the period of time in which he was to do so, and there being no evidence that any shingles were made or offered to defendant, or that the plaintiff could get timber to make any more shingles when he shut down the mill, or of the capital invested, etc.: *Held*, no error of which the plaintiff could complain as to the amount of recovery in this case for the failure of defendant to continue to take the output of the mill.

APPEAL from *O. H. Allen, J.,* at Spring Term, 1911, of TYRRELL.

It appeared that in 1906 plaintiff borrowed of J. D. Overton, the intestate, a sum of money and to secure payment of the loan executed a mortgage on real property with power of sale, etc.; that Overton died in 1908, and defendant, administrator, having made several efforts to obtain payment, proceeded to advertise the property for sale under the mortgage, the sale to take place 17 January, 1910. Thereupon plaintiff instituted the present action and obtained an injunction staying the sale on affidavits alleging that J. D. Overton in 1906 had contracted and agreed to take the output of plaintiff's shingle mill, which he was then erecting, at a specified price per thousand; that said Overton had wrongfully failed and refused to comply with said contract, and the damages caused by said breach of contract was more than sufficient to pay off and discharge the loan. Pleadings having been duly filed, issues were submitted and responded to by the jury, in effect, that the amount due on the note was $2,998; that the amount due plaintiff from intestate

by reason of breach of contract in reference to shingle mill was $350, with interest from 14 September, 1908. Judgment was thereupon given crediting defendant's claim with the $350 and interest. Judgment of foreclosure entered for the balance of the debt. Plaintiff excepted and appealed.

*M. Majette and E. F. Aydlett for plaintiff.*
*W. M. Bond, T. H. Woodley, and Meekins & Tillett for defendant.*

HOKE, J. There is no error. It appeared in evidence that plaintiff's shingle mill was completed and began operations on or about 18 or 19 June, 1908, and closed down on 2 September of the same year, having manufactured 175,000 shingles, which plaintiff sold at a loss of $2 per thousand on the alleged contract price. This loss was allowed plaintiff by the verdict and has been credited on defendant's claim. There was no stated time alleged in the pleadings or shown forth in evidence during which the intestate was to take the output of plaintiff's mill, and it is well understood that on these continuous contracts where no time is fixed during which it is to last and none is fixed by law or usage, it may be determined at the will of either party upon notice. Clark on Contracts, p. 430. And on the testimony no good reason appears for a greater recovery than the loss sustained on the shingles, which were in fact manufactured. In this connection the case on appeal further states: "There was no evidence that any of the shingles made were ever tendered or offered to Overton or to defendant, or that plaintiff when he stopped the mill had or could get timber to make any more shingles, or that he kept the mill, or whether it was used thereafter or remained idle, nor any evidence as to the amount of capital invested in it or that plaintiff offered to make any more shingles."

On this record there is no error certainly which gives plaintiff any just ground for complaint, and the judgment is therefore affirmed.

No error.